## BOARD OF LEVEE COMMISSIONERS v. HENRY MARKS.

The act of a District Judge in granting an order of seizure and sale is a judicial act from which an appeal will lie; and such order may be reviewed in this Court. It may be addressed to a levee tax collector for levee dues.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Hugh Short*, for plaintiff. *M. DuBose*, for defendant and appellant.

MERRICK, C. J. The defendant is appellant from an order of seizure and sale granted in chambers by the Judge of the Tenth District Court for the parish of Carroll, under the late Act of 1859, directing the mode of collecting the levee taxes in the parishes of Madison and Carroll, in cases of failure to pay them. The third section of that Act reads : " And upon return made by the sheriff, or other tax collector, that the levee tax due has been demanded of the owner, or any agent of such owner, known to such sheriff or other tax collector in said levee district, and that the amount has not been paid, it shall be the duty of the District Judge, upon the presentation of such return, to grant an order of seizure and sale against the property specified in the assessment roll, which shall be seized and sold without the benefit of appraisement, or such amount as may be necessary to pay the levee tax due thereon, by giving twenty days' notice in a public newspaper," &c. See Session Acts, p. 30.

The Judge had before him, annexed to the petition, when he granted the order, a certified extract of the assessment roll, the return of the tax collector, and a document purporting, as it comes up in the record, to be the original ordinances of the Board of Levee Commissioners, authorizing the assessment. Counsel for the defendant alleges it was merely a printed copy, not certified by any authority.

The plaintiffs move to dismiss the appeal, on the alleged ground, that " there is no such judgment as admits of an appeal. The act of the Judge, in performing the duty required of him by the statute, though a judicial act, does not come within the meaning of such a judgment rendered as warrants an appeal."

The appellant contends, first, that the Judge of the lower court could not issue the order of seizure and sale without authentic evidence before him ; that the proof was not authentic to establish the existence of the ordinance ; the capacity of the tax collector ; the verity of his return, and the genuineness of his signature. And secondly, that the order of seizure and sale could not legally be addressed to the tax collector, and should have been addressed to the sheriff, as contemplated by the Code of Practice.

On the motion to dismiss the appeal, we are of the opinion that the act of the District Judge, in granting the order of seizure and sale, was a judicial act, from which an appeal will lie to this court. The order of seizure and sale is a proceeding specially defined by the Code of Practice ; and the Legislature must be supposed to have used the term in the act of 1859 in its ordinary sense, and as defined by previous legislation. The object of the proceeding was to raise a sum of money from the defendant by the sale of his property, and to assure a title to the vendee, as far as practicable, by a judicial sale, to be conducted contradictorily with the defendant. It has long since been determined that the decree awarding an order of seizure and sale may be reviewed in the appellate court. The first objection made by the defendant is not sustained by the facts. The court was bound to know both the signature and capacity of the tax collector, who is an officer elected and qualified under the authority of an act of the Legislature of a public nature ; and he exercises his functions within the jurisdiction of the court granting the order. The return of this officer is authentic evidence, because the act of 1859 has made it competent and sufficient proof to justify the decree. At all events, the certified extract from the assessment roll, and the return of the tax collector, made an authentic and *prima facie* basis for the decree. On the second ground made by the appellant, we think the order of seizure and sale was properly addressed to the tax collector, who is made by the statute, the collector of taxes in the place of the sheriff. Under former acts of 1857, p. 35, and the fourth section of the act of 1859, by implication recognizes the authority of the tax collector to act in such case, because it declares that the purchaser at the sale made by the sheriff, " or any levee tax collector," shall take a good and valid title, &c., p. 31.

The grounds urged by the appellant in his brief and oral argument, as well as the assignment of errors, are therefore insufficient to invalidate the decree of the District Court.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.